UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SUZETTE THOMPSON,

    Plaintiff,

v.

DEVONSHIRE AT PGA NATIONAL, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, SUZETTE THOMPSON ("Ms. Thompson" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, immediate reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

4. Plaintiff works for Defendant in Palm Beach County, Florida, and the venue, therefore, for this case is the West Palm Beach Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) cares for her daughter who suffers from a serious health condition as defined by the FMLA which necessitated Plaintiff to take intermittent FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff has worked for Defendant from June 13, 2005, through current.

8. Plaintiff's daughter suffers from a serious health condition as defined by the FMLA, and Plaintiff applied for, and was approved by Defendant for, intermittent FMLA leave.

9. In February 2020, despite Plaintiff being approved for intermittent leave and utilizing same, and her daughters' serious health condition requiring intermittent and not continuous FMLA leave, Defendant's management **unilaterally placed** Plaintiff on continuous FMLA leave, against her will.

10. In response, Plaintiff repeatedly notified Defendant that she does not necessitate continuous FMLA leave, and expressed her desire to return to work and utilize her intermittent FMLA leave as the law allows.

11. Defendant has refused to allow Plaintiff to return to work and is forcing her to remain on continuous FMLA which her daughter does not require or need; Defendant's actions are resulting in Plaintiff's FMLA leave being depleted for when she will require it in the future.

12. Defendant's actions constitute FMLA interference as a matter of law. *See Brown v. Gestamp of Alabama LLC,* Nos. 2:16:cv-1862, 2:17-cv-1411 (N.D. Ala., July 18, 2018(Employer violated the FMLA when it denied an employee's request for intermittent leave and instead placed him on continuous leave).

13. As a result of this illegal conduct, Plaintiff has suffered damages.

14. Defendant did not have a good faith basis for its actions.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

15. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, above.

16. At all times relevant hereto, Plaintiff was protected by the FMLA.

17. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

18. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA right to utilize intermittent FMLA leave for which she was approved.

19. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

20. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other

monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th day of February 2020.

                                                 Respectfully Submitted,

                                                 ***/s/ Noah E. Storch***
                                                 Noah E. Storch, Esq.
                                                 Florida Bar No. 0085476
                                                 Alexander Harne, Esq.
                                                 Florida Bar No.: 126932
                                                 RICHARD CELLER LEGAL, P.A.
                                                 10368 W. SR. 84, Suite 103
                                                 Davie, Florida 33324
                                                 Telephone: (866) 344-9243
                                                 Facsimile:   (954) 337-2771
                                                 E-mail: **noah@floridaovertimelawyer.com**
                                                 E-mail: **aharne@floridaovertimelawer.com**

                                                 *Attorneys for Plaintiff*